

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

Daniel S. Noble
+1 212 390 9555
Daniel.Noble@KKLllp.com

April 19, 2026

By **7:00 p.m. on April 20, 2026**, the Government shall file a response to this letter.

<u>By ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Dated: April 20, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:     *United States v. Kenneth Harlan*, S1 24 Cr. 630 (LGS)

Dear Judge Schofield:

We represent defendant Kenneth Harlan in  the  above-referenced case.   We  write  in advance of the pretrial conference scheduled for April 21, 2026 at 10:30 am to inform the Court of several issues we would like to raise at the conference.

As the Court is aware, Mr. Harlan was charged in a superseding indictment along with two co-defendants, Anil Mathews and Rahul Agarwal, that was unsealed on August 7, 2025. Mr. Harlan appeared and was arraigned on the superseding indictment on the same day.  In the more than eight months since, neither of his co-defendants have appeared.  Following Mr. Harlan's arraignment, he retained undersigned counsel to represent him in this case.  Earlier this year, we made an application to the U.S. Attorney's Office to dismiss the superseding indictment as to Mr. Harlan on the grounds that he was wrongfully charged.  In support of this application, we have met with the Assistant United States Attorneys and their supervisors on several occasions.  Our discussions with the U.S. Attorney's Office are ongoing.

Although we strongly believe that Mr. Harlan was wrongfully charged and that the superseding indictment should be dismissed as to him, in the event the U.S. Attorney's Office denies our application, Mr. Harlan intends to exercise his Sixth Amendment right to a speedy trial.[1] Mr. Harlan does not presently intend to file any pretrial motions.  Accordingly, we respectfully request that at the pretrial conference the Court schedule a trial date for Mr. Harlan as soon as the

---

[1] By our calculation, 43 days remain out of the 70 days allowed under the Speedy Trial Act from the date of Mr. Harlan's initial appearance on the superseding indictment on August 7, 2025.  *See* 18 U.S.C. § 3161(c)(1).  That day, Magistrate Judge Lehrburger excluded time as to Mr. Harlan from August 7, 2025 until September 5, 2025.  *See* ECF 13.  On August 13, 2025, the Court excluded time as to Mr. Harlan between August 13, 2025 and March 23, 2026, which was the original date of Mr. Harlan's initial pretrial conference.  *See* ECF 20.  On March 17, the Court adjourned the date of Mr. Harlan's initial pretrial conference to April 21 without excluding any additional time.  *See* ECF 32. Thus, Mr. Harlan's speedy trial clock began to run 27 days ago on March 23.  *See United States v. Santacruz*, No. 21 Cr. 754 (JFK), 2022 WL 3701549, at *6 (S.D.N.Y. Aug. 26, 2022) (finding that defendant's speedy trial clock began to run following a "written adjournment [that] did not expressly state that time was excluded").

Court's schedule permits, ideally during the summer of 2026. We further request that the Court enter an expedited pretrial schedule, including deadlines for the parties' expert disclosures, the government's production of 3500 material, motions in limine, voir dire, requests to charge, verdict form, and a final pretrial conference. At the conference, we will be prepared to propose a pretrial schedule for the Court's consideration depending on the scheduled trial date.

We understand that even though Mr. Harlan's co-defendant, Anil Mathews, has not appeared in this case and is still pending extradition from France, the government nonetheless wishes to try the two defendants together and will not consent to a severance. We submit that Mr. Harlan's constitutional and statutory right to a speedy trial trumps the government's preference for a joint trial, particularly where, as here, a substantial amount of time has passed since Mr. Harlan was arraigned and his co-defendants have not even appeared on the indictment. *See, e.g.*, *United States v. Kozeny*, No. 05 Cr. 518 (RCC), 2006 WL 8446936, at *1 (S.D.N.Y. Nov. 15, 2006) (setting trial date without co-defendant who was pending extradition because "even if [the co-defendant] is extradited, there is no guarantee that he will proceed" to trial and waiting for the extradition process would cause prejudice and "outweigh any potential benefit" of trying the two defendants together). Accordingly, Mr. Harlan's case should be severed from that of Mr. Mathews (and Mr. Agarwal, who remains a fugitive), pursuant to Federal Rule of Criminal Procedure 14, to prevent Mr. Harlan from suffering the prejudice that would result from the deprivation of his right to a speedy trial. If necessary, Mr. Harlan is prepared to file a motion for a severance, for which we would request an expedited briefing schedule.

We thank the Court for its consideration of these matters and look forward to discussing them at the pretrial conference on April 21.

Respectfully submitted,
KKL LLP

By: _____
Daniel S. Noble
Nicholas J. Lewin
Jessie-Lauren Pierce
Ross H. Gitlin

cc:    All Counsel of Record (by ECF)